Good morning and may it please the Court, Robert Lundman representing the United States Bureau of Land Management. I would like to reserve three minutes for rebuttal. Just watch the clock. I will. Thank you. After this Court's decision in Booty, BLM withdrew the timber sale issue in this case. After the sale was withdrawn, the District Court held that the case was moot and unripe and dismissed Plaintiff's claim for lack of subject matter jurisdiction. But the District Court then awarded attorney's fees to Plaintiffs, holding that they were a prevailing party. Plaintiffs are not a prevailing party, however, because they did not obtain the requisite judicially sanctioned material alteration of the party's legal relationship. None of the four events relied on by the District Court demonstrate that material alteration. First, BLM's voluntary withdrawal of the timber sale cannot provide the basis for prevailing party status. Relying on the withdrawal is catalyst theory reasoning, that a Plaintiff's lawsuit caused a change in defendant's behavior. The Supreme Court in Buchanan has rejected the catalyst theory, and this Court has filed that decision. There has to be more than a voluntary withdrawal of the timber sale here for Plaintiffs to be a prevailing party. You know, I think we are familiar with the various parameters, and I'm trying to place this Court on a spectrum. In this case, we have the somewhat unique circumstance, I guess it is unique, in that the Moody case involved the same parties, the same issues, just variable was the timber sale that was at issue. So if, in this case, the government were to change its position and proceed to go ahead with what the Plaintiffs sought to enjoin in this case, and which got dismissed as Moody, would not they be in a position, unlike the other cases that you've cited, be able to come back and get an immediate order of relief, even if they had to file a new action based on collateral estoppel, whatever else may arise out of this particular case, so that they have, in effect, a judicial enforceable order obtained in a separate but related case, which would constrain and change the legal relationship between the government and the Plaintiffs? Why isn't that enough to confer prevailing party status? Well, it's enough to confer prevailing party status in the Moody case, but it's not enough for this case. Why? And the reason it's not is because the Buchanan Court has held that there has to be a judicial award of relief in the case at issue. And the fact that the Moody case had repercussions for other timber sale projects, including this one, and that BLM then acted based on those repercussions in withdrawing the timber sale here, does not mean that there was any relief awarded in this instant case. Now, I mean, there may have been other timber sales that had or had not been challenged that I'm sure have been affected by the Moody decision. And those repercussions, as those flow out, you know, as most Ninth Circuit decisions do, they don't impact just the case directly being decided, but have repercussions on pending cases or potential cases. And the line that has to be hurdled for Plaintiffs to be a prevailing party here has to be the material alteration of a legal relationship that's caused by the case in which they're seeking fees. And the causality here comes from Booty. It doesn't come from the result in this case, which was a... The causality also that you relied on to get the case dismissed with Booty. So it seems a bit strange to say that what you can rely on to call the case moot is insufficient for them to say is also, in effect, a judicial alteration of the relationships that would be sufficient for conferring prevailing party in this case. Now, I understand that it's not the same case, but it is also quite distinguishable from any of the cases that I've been able to find where it isn't just a favorable decision in a totally unrelated case that decides the question of law or the legislature changes the rules or whatever. In this case, it's the same people. You would be collaterally stopped in this case, in addition to whatever precedential effect Booty would have as a matter of law. And that's the distinction I'm trying to understand. Well, that may have been if we had gone forward in this case, but the government did not. It saw Booty and took responsible action in this case, which was to decide not to go forward with the timber sale because of the problems illuminated by the Booty decision. Counsel, were there attorney's fees awarded in the Booty case? There were. The government and the plaintiffs in that case settled the fees, and that was noted in the record and we've cited it in this case. The government here, the bottom line is the judicial alteration of the parties, the material alteration of the parties' legal relationship that occurred here occurred in Booty. It did not occur in this district court litigation. And because it did not occur in this district court litigation, the government the plaintiffs here are not prevailing parties. The other way to look at this is with respect to what happened in the Booty case and its impact here is the government's decision in this case still was a voluntary withdrawal. Now, it was clearly done in light of Booty, but it was not done pursuant to a court order requiring it to do so in this case. There was no declaration. I see the government's position as being voluntary. Booty was on all fours, all same parties, same issues. In the sense it was voluntary, and it's – I mean, these rules the Supreme Court has established are, you know, I think are intended to be clearer lines and not ones that kind of look at intent and a looser sense of whether there was a, you know, a voluntary – whether the voluntary withdrawal was truly voluntary or not. The voluntariness here is with respect to the case that plaintiffs brought, and that has to be in this case, not what they brought in Booty. Well, you say that, but I'm not sure. What is your strongest case that says it has to be in all cases in the same case? Well, I guess looking at the – I'm not aware of a case that's spelled that out in the way we're asking the court to do it exactly here. The flip side is I've never seen a case based prevailing party status on what's happened in another case. Correct. That's why I think this case is unique, because the issues are so identical. It's the same parties, same legal issue. There's no question that you would not be able to go back in this case, whether it was reopened or Rule 60, if you changed your mind. And if within a year, let us say, that the government decide, well, it doesn't like the result in Booty and it's going to go ahead in this case, why wouldn't a Rule 60 motion be open to the plaintiffs to come in and say, you've defrauded the court because you represented in the dismissal you got that you were bound by Booty. Now you've changed your mind. Why would that not be a judicial opening, which is different from coming in, like in Buchanan or the other cases the courts point out that, well, you just get to come back in and you still have to prove you're entitled to prevail on the merits. They wouldn't have that burden here. They'd have a slam-dunk lay-down, right? Well, going to the first point, you might be right about the Rule 60 motion, and you might be right that maybe they'd file a new complaint depending on the timing of all that, but that's not happened. And until in this case that happens and we proceed to an enforceable court order, I just want to make clear, because I understand your position, there are opinions where if the settlement agreement is embodied in a court order, that's all they've got. They've got your agreement. There hasn't been a judicial determination ultimately on the merits, but there's been a settlement, and the settlement agreement is an enforceable order, and it's enough if that settlement agreement can be enforced in court, right? That's entirely correct. They don't have to go back in and prove the merits of their case. They can go back in. But this case wasn't settled. There's no consent decree. There's nothing that came to us. I understand that, counsel, but I'm still trying to understand why this shades off into the category of cases where they have to come back and face additional hurdles. Here, the only hurdle that they would have to face was to be filed the request for relief, and it's a slam dunk that they would get it. They don't have to litigate the merits or anything else. The short answer is because that's where the Supreme Court drew the line in Buchanan. Court-ordered relief that materially alters the party's legal relationship. And until that hurdle is crossed, we don't get there. Counsel, you're down to half a minute if you wanted to reserve some time. Okay. I will do so. Thank you. Good morning. May it please the Court. My name is Erin Madden. I'm the attorney for the Klamath-Siskiyou Wildland Center in this appeal, or KS Wild. I'd like to respond to some of the questions that were being asked of my opposing counsel, and I'd like to point the Court to the Biodiversity Conservation Alliance case, which came out of the Tenth Circuit last year, where Justice O'Connor was sitting by designation. And in that case, the Court concluded that a party is entitled to attorney's fees only if it could obtain a court order to enforce the merits of some portion of the claim it made in its suit. Now, in that case, they held that the dismissal order could not provide that basis because there was no hearing on the merits. There was no decision on the merits. There was no decision about what the merits meant. But here we have a dismissal order in this case? We do have a dismissal order, yes. So how is that any different? Well, here we have both the binding precedent of this Court in the first KS Wild case, which, as you pointed out, had the exact same parties and same claims, albeit with respect to a separate timber sale. But we also have the findings and recommendations of the Court in our case that were based on that binding precedent in Booty, and that those findings and recommendations were never ---- I'm sorry. There could be a zillion cases. They might be dealing with Person Y tomorrow, and they may be taking the same position they were taking in Booty. And Person Y comes in and says, listen, boom, you're out of here. Your position is frivolous or whatever. But it's a different case. That's all. The precedent has to do with it. I don't understand it. There's always precedent. Right. But here we have precedent on the exact same claims, that the annual species review decisions were illegal. We brought the same claim in our case, and that the timber sales that relied on those decisions. If they had, if Person Y wasn't involved at all, had the same kind of thing, the same kind of problem, the same business about the bowl or whatever, same kinds of problems, same thing would be true. There would be precedent. They could come in in 10 minutes and get rid of the government's position. I think the difference here is that our case had gone through summary judgment hearings, had received a declaration of the court that the BLM had violated the law for the precise reasons that this court held in the first K.S. Wilde case that they had violated the law. The BLM continued to pump out timber sale decisions. In this case, we had the findings of the judge saying that they had violated the law in our case. The BLM then withdrew the timber sale decision, and the case was dismissed. We say the findings of the judge. Sorry. I'm sorry. What judge? Magistrate Cooney in our case, Your Honor. I believe that's called a report and recommendation. Am I right? It is called. It was tied to findings and recommendations. But there were no objections filed. That's called a report and recommendation. Am I not right? Yes. It seems to me that it was sort of simultaneous, practically, with their decision to withdraw. In fact, I don't know. I couldn't tell from what I'm looking at whether he issued his R&R before they decided to withdraw, really, or after. Well, the government's intent to withdraw timber sale does not moot a case. In this case, the court held that it was moot after the F&Rs. And, in fact, in the mootness. That wasn't my point. Okay. The government, I believe, had actually ‑‑ am I wrong or am I timing wrong? The government had actually told the magistrate judge that they were planning to withdraw and his R&R issued after that, correct? Yes. But, again ‑‑ We have an R&R magistrate judge. Thank God. We don't have any indication of the government, at least as far as I can see. The government looked at the R&R and said, oh, correct, let's withdraw. We don't have that. So I'm trying to figure out, what's this weight we're putting on what the magistrate judge did, which means absolutely zero today? Well, I think the weight that we place on it is that under 28 U.S.C. 636, which allows magistrates to hear certain cases, if the parties don't consent, then the magistrate issues findings and recommendations. And if objections are filed to any specific finding of fact or conclusion of law in those  But if they are not, then we have the right to say, no, there are no substantive objections were filed by the BLM. In fact, they couldn't. Any objections they would file would be frivolous because this Court had already said that what they did was illegal. And both the article ‑‑ Why would they file an objection when they had already indicated we're withdrawing the whole thing, Judge? Please find it either unripe or moot. Why would they also object to this thing that's floating out there? They actually did file an objection, and their objection was, we give up. Why didn't they file an objection? They filed no substantive objections to the conclusions of law. Their objection was, we give up. We've withdrawn the sale. There's no reason for this Court to enter relief. But there was no reason ‑‑ This case is moot or not ripe. Is that what you're saying? Yes, that was their objection. But that's not an objection to the conclusion of law. You're also going to a great battle about factual findings or conclusions of law when there ain't nothing to argue about if the case is moot or unripe, is there? What do you argue about if the case is either moot or unripe? I think the point here is that we have a finding of the court in our favor that said we were entitled to summary judgment, we were entitled to an injunction. You don't have a finding of a court in your favor. Did the district judge adopt that? No, but it was never overturned by the Article III judge. And I think that it's very important to point out here regarding the Buckhannon case that Justice Scalia in that case filed a concurrence that the Eleventh Circuit, the D.C. Circuit, and numerous district courts have held to be very instructive in trying to put bounds around this prevailing party inquiry. And he said in that case that the court did not approve the practice of denying attorneys' fees to a plaintiff with a proven claim simply because the very merit of his claim led the defendant to capitulate before judgment. The only thing left to do here was to enter judgment. Justice Scalia really said, he said up front, I unqualifiably agree with what this Court has done here. Yes. It's a discussion that people like to cite all the time. He was saying either policy arguments were nonsense, but he never said that if they had some basis for their policy argument, we would go the other way. In fact, the paragraph that's always omitted is his next discussion that says, okay, so if we draw this bright-line rule that the Court's drawn, sometimes people who deserve it won't get it, some people who don't deserve it will get it, but that's too bad. This is a good line anyway. So what he really said was, I don't care about your policy arguments, it seems to me. Your policy arguments are nonsense. I agree fully with what the Court has done here. And anyway, if some people get hurt by it, that's just too bad. It's really sad. I agree. And obviously, the majority held in that case that you need a material alteration in the legal relationship of the parties that carries a judicial imprimatur. Our argument here is that both the findings and recommendations in this case, because there was no way for the government to object to those and there was only the only thing left was for the district court to enter judgment in our favor, just like the in the first K.S. Wilde case where we challenged those illegal decisions and the timber sales that relied on those decisions. It wasn't that we were sort of saying, well, every timber sale out there is now, you know, we should be able to get attorney's fees for those. We had a specific case brought against a specific timber sale with the identical claims that were already held by the Ninth Circuit to be in our favor, and we received a favorable finding of the Court that we had prevailed on the merits of our claim. I would also argue that Counsel, do you agree with Mr. Lundman that your clients received attorney's fees in the Booty case? Yes, we did settle the matter of attorney's fees in that case. But this was a separate case for a separate timber sale. Again, the Very well. Right. The BLM continued throughout the course of that case to rely on those illegal decisions and keep putting timber sales out that relied on them. We had to challenge those on a case-by-case basis. Under administrative law, obviously, we couldn't just say every timber sale. We had to wait for a final decision and then move forward with our case. And so we did that here. The idea that we somehow are not prevailing where we have a finding of the Court, we also have the dismissal order, which embodied the relief that we sought. It said they had to acquire new data, they had to undertake additional analysis with public input and go through a whole new decision-making process to reach a new decision that would comply with all of the laws. And based on those, under the Biodiversity Conservation Alliance case in the Court, if they chose to renege on that representation, that they would complete that additional analysis. Where in the dismissal order? What is it specifically you rely on? That is on, I believe it's page 38 of the dismissal order, which is, sorry, it's the second-to-last page of the dismissal order. It's page 65 of the excerpts of record. The Court's? 65. Page 65 of the excerpts of record. The Court said that they will have to acquire new data, make new decisions, including issuing new notices, provide for public comment, and issue a decision that must comply with all the applicable laws. And he said at the end that based on the foregoing, including that requirement, that they undertake those additional steps that he found the case moot. So obviously, if they had reneged on that commitment to that representation that they would do that, they would, we would have been entitled to enforce the merits of our case through an injunction and a declaratory judgment. Counsel, I'm still looking at page 65, and I can't find that passage. Would you help me? What line is it on? Sure. It is, sorry, I just closed it. It's about the middle of the page, just above the Friends of the Earth belayed law reference. It's volume 1, page 65, order at 16. It says, if the BLM decides between the reference to booty, which is underlined, and above the reference to Friends of the Earth belayed law. And you're relying on that passage for what? That's an order? That's an observation, it seems to me. Well, it was a basis for the finding that the case had become moot. And he said, again, on the next page of the order, at the end, he said, based on the foregoing, it is ordered that this case is moot. That was based on the representation that the government had made. Thank you, counsel. Thank you. Mr. Lundin, you have about half a minute, so use it wisely. I have three points. I think each will take 10 seconds. First, the dismissal order here, at the end it states that the summary judgment motions are not being decided, that they are mooted as well. So that dismissal order did not grant judgment one way or another. The second point is the dismissal order here looks just like the dismissal order the Tenth Circuit held was not enough in the Biodiversity Conservation Alliance case. Just like that one, it's cited to what the agency was going to do, and going forward that mooted the case, and that was held not to be enough. And third response to a question from Judge Fischer earlier, I think this circumstance is rare. I don't know of any court that's awarded attorney's fees based on a decision like Booty. The fact that the legal situation is rare, I don't think the factual situation is that rare. I think all the time agencies are challenged in multiple forums or the same forum with bigger issues and smaller issues being decided at the same time, and sometimes those have repercussions throughout all those cases when one case is decided. So I think this circumstance is not really incredibly rare. There's no cases I know of that are just like this one. Thank you very much, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Fernandez, Fisher